UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEVIN KARL KRUEGER,

                Plaintiff,

v.                                                       Case No. 20-cv-1384-bhl

ROBERT F. NAGEL,
DR. DIANE LYTTON,
JOHN DOE,

                Defendants.

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (ECF NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A

---

       Kevin Karl Krueger, an inmate at the Columbia Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his rights related to his criminal trial in *State of Wisconsin v. Krueger*, 2016CF61 (Columbia Cnty. Cir. Ct.). This decision resolves Krueger's motion for leave to proceed without prepaying the filing fee (ECF No. 2) and screens his complaint (ECF No. 1.).

       This case was previously assigned to Magistrate Judge Nancy Joseph. Because the Court has not yet ordered the complaint to be served on the defendants, they do not know that Krueger has sued them, and they have not had a chance to decide whether to consent to Judge Joseph's authority to decide the case. The clerk's office reassigned the case to this district judge for screening.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (ECF No. 2)**

       The Prison Litigation Reform Act (PLRA) applies to this case because Krueger was a prisoner when he filed his complaint. *See* 28 U.S.C. §1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee.

28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On September 11, 2020, the Court ordered Krueger to pay an initial partial filing fee of $13.32. (ECF No. 5.) He paid that fee on September 24, 2020. The Court will grant Krueger's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A "frivolous" complaint "lack[s] an arguable basis either in law or fact." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A complaint is factually frivolous if its allegations are "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." *Id.* (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). Allegations that are merely "unlikely," "improbable," or "strange," do not meet this standard. *Id.* (quoting *Denton*, 504 U.S. at 33). A claim is legally frivolous if it is "based on an indisputably meritless legal theory." *Id.* (quoting *Neitzke*, 490 U.S. at 327–28). A "malicious" complaint is one brought for purposes of harassment. *Heard v. Blagojevich*, 216 F. App'x 568, 570 (7th Cir. 2007) (citing *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003)).

In determining whether the complaint states a claim, the Court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

2

plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

**B. Krueger's Allegations**

On February 15, 2016, Krueger was charged with first degree intentional homicide in *State of Wisconsin v. Krueger*, 16-CF-61 (Columbia Cnty. Cir. Ct.), for murdering his wife, Tracy. He pleaded no contest and was sentenced to life in prison on January 29, 2020. *See* wcca.wicourts.gov (last visited October 23, 2020). Krueger filed this case using the court's form complaint and he refers to an attached twenty-seven-page document titled, "Notice of Injury and Claim: in Case #16CF61." (ECF No. 1-2.) He claims that the defendants – Attorney Robert Nagel, Dr. Diane Lytton, and Attorney Nagel's private investigator – "did nothing to help me in any way in my case or in my defense." (*Id.* at 2.) Attorney Nagel was Krueger's criminal defense attorney[1] and Dr. Lytton conducted a psychiatric evaluation of Krueger. (*Id.*) Krueger's notice of injury and claim provides a detailed description of the events leading up to his wife's murder and how he believes his constitutional rights were violated during the criminal proceedings. Krueger claims that his rights to a speedy trial and effective assistance of counsel were violated and he also claims that he was deprived of a fair trial. Krueger says that Attorney Nagel and Dr. Lytton did "absolutely nothing in the way of representing me or defending me" and that he was "ripped off" the money he paid them. (*Id.* at 22.)

Krueger says that he is suing for violations of state and federal law. (ECF No. 1-2 at 27.) He seeks damages for lost wages, pain and suffering, medication while he was in the Columbia County Jail, "substantial prejudice," and the loss of his wife and children. (*Id.*)

**C. Analysis**

To state a claim under 42 U.S.C §1983, a plaintiff must allege the deprivation of a right secured by the Constitution or the laws of the United States. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 822 (7th Cir. 2009). In addition, the alleged deprivation must have been committed by a person acting under the color of state law, which means the person exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.*; *West v. Atkins*, 487 U.S. 42, 49 (1988). Criminal

---

[1] According to Wisconsin's online court record, Attorney Nagel was the third of seven attorneys who represented Krueger during his criminal case. *See* wcca.wicourts.gov (last visited Oct. 23, 2020).

defense attorneys cannot be sued under §1983 because they do not act under the color of state law; they are the adversary of the State. *Polk County v. Dodson*, 454 U.S. 312, 318, 325 (1981); *see Swift v. Swift*, 556 F. App'x 509, 510-11 (7th Cir. 2014); *West*, 487 U.S. at 50. Even attorneys who are appointed are not acting under the color of state law. *Polk*, 454 U.S. at 318 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

Krueger might be able to bring a malpractice claim against Attorney Nagel in state court or he might be able to raise ineffective assistance of counsel as an issue on direct appeal of his conviction or in a federal habeas petition under 28 U.S.C. §2254.[2] However, Krueger does not state a claim against Nagel under §1983. He also does not allege that Dr. Lytton or Attorney Nagel's investigator acted under color of state law. Thus, he may not sue them under §1983 for violations of his constitutional rights.

To the extent that Krueger seeks to sue the defendants under state law, a federal court can hear an alleged violation of state law only if all the defendants are citizens of a state different from the state in which the plaintiff is a citizen. 28 U.S.C. §1332(a). Krueger is incarcerated in Wisconsin and thus a citizen of Wisconsin. He alleges that all the defendants are also citizens of Wisconsin. (ECF No. 1-2 at 1.) Consequently, the parties are not diverse. Therefore, even if Kruger could allege a plausible claim against the defendants under state law, any such claim could not be considered in federal court.

**III. Conclusion**

**THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepaying the filing fee is **GRANTED**. (ECF No. 2.)

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. The Court will enter judgment accordingly.

**IT IS FURTHER ORDERED** that the agency that has custody of the plaintiff shall collect from his institution trust account the $336.68 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to

---

[2] Pursuant to *Glaus v. Anderson*, 408 F.3d 382, 389-90 (7th Cir. 2005), the Court notifies Krueger that: (1) it is not making a decision on the ultimate merit of any case Krueger chooses to file and (2) he may refile immediately under the proper legal label and/or in the proper court, subject to the normal rules such as those prohibiting frivolous lawsuits.

4

the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The Court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

The Court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 26th day of October, 2020.

BY THE COURT:

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge